FILED

MAR 30 2022

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22-CR-00169-JAR-PLC |
| ) | |
| TERRELL ALEXANDER, ) | |
| ) | |
| Defendant. ) | |

**INDICTMENT**

The Grand Jury Charges:

**BACKGROUND**

At all times relevant to the Indictment:

1. The defendant Terrell Alexander resided in the Eastern District of Missouri.

2. The Small Business Administration was part of the executive branch of the Government of the United States.

3. The Small Business Administration (SBA) provided COVID-19 Economic Injury Disaster Loans (EIDL), pursuant to the Coronavirus Aid, Relief, and Economic Security Act (the CARES Act) which was signed into law in March 2020. The CARES Act, in conjunction with an officially declared disaster by the United States Government, allowed for the SBA to offer the EIDL funding to business owners negatively affected by the COVID-19 pandemic.

1

4. EIDL applications were submitted via the SBA online portal. Applicants submitted their personal and business information in support of each EIDL application, including the size of the affected business, the ownership of the business, number of employees for the business, and gross business revenues realized in the 12 months prior to COVID-19 impact on the national economy.

5. In addition to EIDL funding, applicants could also request and receive up to $10,000.00 in an EIDL Cash Advance Grant, based on the number of employees claimed. That grant was not required to be repaid.

6. EIDL applications included a paragraph wherein the applicant affirmed that the information submitted is true and correct under the penalty of perjury and applicable criminal statutes.

7. The servers receiving the EIDL applications via the SBA online portal were located in Virginia, Iowa, and Washington state.

8. All of the loans and other payments referenced herein were made by the Small Business Administration (SBA).

## COUNTS 1 THROUGH 10
## 18 U.S.C. § 1343: Wire Fraud

### THE SCHEME TO DEFRAUD

9. The allegations in Paragraphs 1 through 8 are hereby realleged and incorporated herein.

10. The defendant, TERRELL ALEXANDER, caused to be prepared and submitted to the Small Business Administration multiple applications for EIDL loans for multiple businesses, said businesses representing real businesses, fictional businesses, and new or inactive businesses.

11. The defendant caused the electronic submission of these applications from the Eastern District of Missouri via the SBA portal for EIDL loans.

12. Following the submission of these applications as described below, the SBA issued the EIDL funding, either as an advance or as a loan, which was electronically transmitted from the SBA to bank accounts controlled by the defendant.

13. Following the transmission of the EIDL funding to the bank accounts under the defendant's control, the money was then wire transferred or otherwise moved among the defendant's multiple bank accounts.

**MANNER AND MEANS**

14. It was part of the scheme that on or about June 25, 2020, the defendant, TERRELL ALEXANDER, caused the submission of an EIDL loan application in the name of Direct Management, LLC. In the application, the defendant falsely stated that the Social Security Number assigned to him by the Commissioner of the Social Security Administration was \*\*\*-\*\*-2710 when, in truth and in fact, that Social Security Number was assigned to a minor child and, as the defendant well knew, the number was not his assigned Social Security Number. Additionally, the defendant stated that Direct Management, LLC, had gross revenues of $759,000 for the 12 months prior to the pandemic when, in truth and in fact and as the defendant well knew, Direct Management, LLC, had much smaller gross revenues. As a result of the false and fraudulent

representations submitted by the defendant in the Direct Management, LLC loan application, the SBA approved an advance of $1,000 on June 27, 2020, and the SBA issued a loan of $150,000 on July 8, 2020. The advance and the loan were deposited into Regions Bank Account *****1334. The defendant was the signatory for this bank account.

15. It was further part of the scheme that on or about July 4, 2020, the defendant, TERRELL ALEXANDER, caused the submission of an EIDL loan application in the name of Ferrell Thomas. In the application, the defendant falsely stated that he was Ferrell Thomas, and the Social Security Number assigned to him by the Commissioner of the Social Security Administration was ***-**-9003 when, in truth and in fact, that Social Security Number is assigned to another individual and, as the defendant well knew, Ferrell Thomas is a fictitious individual and the Driver's License submitted by the defendant as part of the EIDL loan application was false and fraudulent. Additionally, the defendant represented that Ferrell Thomas's business had gross revenues of $108,435 for the 12 months prior to the pandemic, and 27 employees when, in truth and in fact and as the defendant well knew, Ferrell Thomas did not operate a legitimate business. As a result of the false and fraudulent representations submitted by the defendant in the Ferrell Thomas loan application, the SBA issued a loan of $25,300 on July 22, 2020. The loan was deposited into Alliant Credit Union Account **********997. The defendant was signatory on that account using the name Ferrell Thomas.

16. It was further part of the scheme that on or about July 28, 2020, the defendant, TERRELL ALEXANDER, caused the submission of an EIDL loan application in the name of Qutumn Management, LLC. In the application, the defendant falsely stated that the Social Security

Number assigned to him by the Commissioner of the Social Security Administration was ***-**-8320 when, in truth and in fact and as the defendant well knew, the number was not his assigned Social Security Number. Additionally, the defendant stated on the EIDL application that he was the owner and manager of Qutumn Management, LLC when, in truth and in fact as the Defendant well knew, Qutumn Management, LLC was registered with the Secretary of State of Missouri by another individual, T.A. Additionally, the defendant submitted as part of this application a Missouri driver's license that was not his properly issued Missouri driver's license, and a false and fraudulent Social Security Card containing the defendant's name and the Social Security as enumerated above. Additionally, the defendant stated on the EIDL application that the detailed business activity for Qutumn Management, LLC, was restaurant/fine dining with a business address of 1939 Wentzville Parkway, Suite 23, Wentzville, Missouri when, in truth and in fact, that address is the address of a UPS store. As a result of the false and fraudulent representations submitted by the defendant in the Qutumn Management, LLC loan application, the SBA issued a loan of $150,000, however, the loan was returned to the SBA. The defendant contacted the SBA in October 2020, requesting the loan be deposited into Regions Bank Account *****9847. The defendant was the signatory for this bank account.

17. It was further part of the scheme that on or about August 7, 2020, the defendant, TERRELL ALEXANDER, caused the submission of an EIDL loan application in the name of Total CPA, LLC. In the application, the defendant falsely stated that the Social Security Number assigned to him by the Commissioner of the Social Security Administration was ***-**-5499 when, in truth and in fact and as the defendant well knew, the number was not his assigned Social

5

Security Number. Additionally, the defendant alleged that Total CPA, LLC had been in business since April 2017 when, in truth and in fact, the Articles of Organization for Total CPA, LLC was filed with the Secretary of State of Missouri in April 2019. Additionally, the defendant represented on the EIDL loan application that Total CPA, LLC, had gross revenues of $303,177 for the 12 months prior to the pandemic, and 9 total employees when, in truth and in fact and as the defendant well knew, Total CPA, LLC, was not an active business with employees. As a result of the false and fraudulent representations submitted by the defendant in the Total CPA, LLC loan application, the SBA issued a loan of $111,900 on August 9, 2020. The loan was deposited into Regions Bank Account *****9987. The defendant was the signatory for this bank account.

18. It was further part of the scheme that on or about August 10, 2020, the defendant, TERRELL ALEXANDER, caused the submission of an EIDL loan application in the name of Precision Safe Healthcare, LLC. In the application, the defendant falsely stated that the Social Security Number assigned to him by the Commissioner of the Social Security Administration was ***-**-8318 when, in truth and in fact and as the defendant well knew, the number was not his assigned Social Security Number. Additionally, the defendant represented that Precision Safe Healthcare, LLC had been in business since August 2, 2017 when, in truth and in fact and as the defendant well knew, the Articles of Organization for Precision Safe Healthcare, LLC was filed with the Secretary of State of Missouri on August 2, 2020. Additionally, the defendant stated on the EIDL loan application that Precision Safe Healthcare, LLC, had gross revenues of $312,789 for the 12 months prior to the pandemic, and 17 total employees when, in truth and in fact and as the defendant well knew, Precision Safe Healthcare, LLC was not an active business with any

employees as of the date of the application. As a result of the false and fraudulent representations submitted by the defendant in the Precision Safe Healthcare, LLC loan application, the SBA issued a loan of $115,800 on August 10, 2020. The loan was sent for deposit to Regions Bank Account ******0012. The defendant was the signatory for this bank account.

19. It was further part of the scheme that on or about June 25, 2020, the defendant, TERRELL ALEXANDER, caused the submission of an EIDL loan application in the name of Florentine Investment, LLC. In the application, the defendant falsely represented himself as S.W., who is the registered agent of Florentine Investment, LLC. In falsely representing himself as S.W., the defendant caused S.W.'s Personally Identifiable Information, specifically S.W.'s name and Social Security Number, to be submitted on the application. Additionally, the defendant represented that Florentine Investment, LLC had gross revenues of $375,000 for the 12 months prior to the pandemic, and 8 total employees when, in truth and in fact and as the defendant well knew, Florentine Investment, LLC had significantly smaller gross revenues and 2 total employees. As a result of the false and fraudulent representations submitted by the defendant in the Florentine Investment, LLC loan application, the SBA approved an advance of $8,000 on June 25, 2020, and a loan of $107,000 on July 9, 2020. The loan was deposited into Regions Bank Account *****9539.

20. It was further part of the scheme that on or about July 4, 2020, the defendant, TERRELL ALEXANDER, caused the submission of an EIDL loan application in the name of S.W. In the application, the defendant falsely represented himself as S.W. In falsely representing himself as S.W., the defendant caused S.W.'s Personally Identifiable Information, particularly

7

S.W.'s name and Social Security Number, to be submitted on the application. Additionally, the defendant represented that S.W.'s business had gross revenues of $137,900 for the 12 months prior to the pandemic, and 57 total employees when, in truth and in fact and as the defendant well knew, this information was false. As a result of the false and fraudulent representations submitted by the defendant in the S.W. loan application, the SBA approved an advance of $10,000 on July 4, 2020, and a loan of $50,500 on July 22, 2020. The loan was deposited into Regions Bank Account *****2315.

21. It was further part of the scheme that on or about July 4, 2020, the defendant, TERRELL ALEXANDER, caused the submission of an EIDL loan application in the name of E.M. In the application, the defendant falsely represented himself as E.M. In falsely representing himself as E.M., the defendant caused E.M.'s Personally Identifiable Information, specifically E.M.'s name and date of birth, to be submitted on the application. Additionally, the defendant represented E.M.'s assigned Social Security Number to be ***-**-3633, which is not E.M.'s assigned Social Security Number. Additionally, the defendant represented that E.M. had gross revenues of $112,700 for the 12 months prior to the pandemic, 14 employees, and that E.M.'s business provided medical services when, in truth and in fact and as the defendant well knew, E.M. did not run any such business, did not have employees, and had significantly smaller gross revenues than reported. As a result of the false and fraudulent representations submitted by the defendant in the E.M. loan application, the SBA approved an advance of $10,000 on July 4, 2020, and a loan of $38,000 on July 5, 2020. The advance and the loan were deposited into Pentagon Federal Credit Union Account ******4024, a bank account of which E.M. had no knowledge. On

July 10, 2020, $40,000 was wired from a second Pentagon Federal Credit Union Account, in E.M.'s name and of which E.M. had no knowledge, Account *****8446, to Regions Bank Account ******7809. The defendant was a signatory for this bank account.

22. It was further part of the scheme that on or about July 30, 2020, and August 7, 2020, the defendant, TERRELL ALEXANDER, caused the submission of two EIDL loan applications, in the names of JCC Personnel Management, LLC and Top Knotch Marketing, LLC. In the applications, the defendant falsely represented himself as J.C. In falsely representing himself as J.C., the defendant caused J.C.'s Personally Identifiable Information, particularly J.C.'s name and Social Security Number, to be submitted on the applications. Additionally, the defendant represented that JCC Personnel Management Company had gross revenues of $339,899 for the 12 months prior to the pandemic, and 37 employees, and the defendant represented that Top Knotch Marketing, LLC had gross revenues of $279,999 for the 12 months prior to the pandemic, and 12 employees when, in truth and in fact and as the defendant well knew, these two businesses had no employees and significantly lower gross revenues. As a result of the false and fraudulent representations submitted by the defendant in the JCC Personnel Management, LLC and Top Knotch Marketing, LLC loan applications, the SBA issued a loan of $121,200 on August 10, 2020, and a loan of $110,1000 on August 27, 2020. These loans were deposited into Regions Bank Accounts ******9855 and ******9979, respectively. J.C. was the signatory for these bank accounts. After the deposit of these loans, J.C. sent $21,000 on August 13, 2020 to Direct Management, LLC, and $32,645 on September 1, 2020 to Florentine Investment, LLC. The defendant was associated with both businesses.

9

## THE WIRE TRANSMISSIONS

23. On or about the dates set forth below, in the Eastern District of Missouri and elsewhere, the defendant,

**TERRELL ALEXANDER,**

having devised and intended to devise a scheme to obtain money by means of materially false and fraudulent pretenses, representations and promises, as specifically described in the paragraphs above, for the purpose of executing the scheme described above, and in attempting to do so, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| COUNT | DATE | LOAN APPLICANT | LOAN AMOUNT |
|---|---|---|---|
| 1 | 6/25/2020 | Direct Management, LLC | $150,000 |
| 2 | 7/4/2020 | Ferrell Thomas | $25,300 |
| 3 | 7/28/2020 | Qutumn Management, LLC | $150,000 |
| 4 | 8/7/2020 | Total CPA, LLC | $111,900 |
| 5 | 8/10/2020 | Precision Safe Healthcare, LLC | $115,800 |
| 6 | 6/25/2020 | Florentine Investment, LLC | $107,000 |
| 7 | 7/4/2020 | S.W. | $50,500 |
| 8 | 7/4/2020 | E.M. | $37,900 |
| 9 | 7/30/2020 | JCC Personnel Management, LLC | $121,200 |
| 10 | 8/7/2020 | Top Knotch Marketing, LLC | $110,100 |

All in violation of Title 18, United States Code, Section 1343.

## COUNTS 11 THROUGH 15
### 18 U.S.C. § 1028A: Aggravated Identity Theft

24. Paragraphs 1 through 23 of this Indictment are realleged and incorporated herein.

25. On or about the dates listed below, within the Eastern District of Missouri, the defendant,

**TERRELL ALEXANDER**,

did knowingly possess, transfer, and use, without lawful authority, the below listed means of identification of another person, knowing that the means of identification belonged to another actual person, during and in relation to the commission of the felony offense of wire fraud, Title 18, United States Code, Section 1343:

| COUNT | DATE | PERSON | MEANS OF IDENTIFICATION | USE OF IDENTIFICATION |
|---|---|---|---|---|
| 11 | 6/25/2020 | S.W. | Name and SSN | Florentine Investment, LLC EIDL Loan Application |
| 12 | 7/4/2020 | S.W. | Name and SSN | S.W. EIDL Loan Application |
| 13 | 7/4/2020 | E.M. | Name and date of birth | E.M. EIDL Loan Application |
| 14 | 7/30/2020 | J.C. | Name and SSN | JCC Personnel Management, LLC EIDL Loan Application |
| 15 | 8/7/2020 | J.C. | Name and SSN | Top Knotch Marketing, LLC EIDL Loan Application |

All in violation of Title 18, United States Code, Section 1028A.

11

## COUNTS 16 AND 17
**18 U.S.C. § 1028(a)(2): Unlawful Transfer of an Identification Document**

26. Paragraphs 1 through 23 of this Indictment are realleged and incorporated herein.

27. On or about the dates listed below, within the Eastern District of Missouri, the defendant,

**TERRELL ALEXANDER,**

knowingly transferred identification documents, authentication features, or false identification documents, to wit: false and fraudulent driver's licenses, knowing that such document or feature was produced without lawful authority, and the production or transfer of the identification document, authentication feature, or false identification document was in or affected interstate or foreign commerce, and the offense involved the production or transfer of an identification document, authentication feature, or false identification document that is or appears to be driver's licenses or personal identification card, to wit:

| COUNT | DATE | NAME ON FRAUDULENT ID | FORM OF FRAUDULENT ID | IDENTIFICATION TRANSFEREE |
|---|---|---|---|---|
| 16 | 7/4/2020 | Ferrell Thomas | Driver's License | SBA |
| 17 | 7/28/2020 | Terrell Alexander | Driver's License | SBA |

All in violation of Title 18, United States Code, Section 1028(a)(2).

## COUNTS 18 THROUGH 22
### 42 U.S.C. § 408(a)(7)(B): Misuse of Social Security Number

28. Paragraphs 1 through 23 of this Indictment are realleged and incorporated herein.

29. On or about the dates listed below, within the Eastern District of Missouri, the defendant,

**TERRELL ALEXANDER,**

with the intent to deceive, and for the purpose of obtaining anything of value from another person and for any other purpose, falsely and fraudulently represented their Social Security Numbers to be one of the Social Security Numbers enumerated below, or falsely and fraudulently represented another person's Social Security Number to be one of the Social Security Numbers enumerated below, when in fact these Social Security Numbers were either unassigned or assigned to unrelated individuals:

| COUNT | DATE | APPLICANT BUSINESS | SSN USED |
| --- | --- | --- | --- |
| 18 | 6/25/2020 | Direct Management, LLC | \*\*\*-\*\*-2710 |
| 19 | 7/28/2020 | Qutumn Management, LLC | \*\*\*-\*\*-8320 |
| 20 | 8/7/2020 | Total CPA, LLC | \*\*\*-\*\*-5499 |
| 21 | 8/10/2020 | Precision Safe Healthcare, LLC | \*\*\*-\*\*-8318 |
| 22 | 7/4/2020 | E.M. | \*\*\*-\*\*-3633 |

All in violation of Title 42, United States Code, Section 408(a)(7)(B).

## COUNT 23
## 18 U.S.C. § 641: Theft of Government Property

30. Paragraphs 1 through 23 of this Indictment are realleged and incorporated herein.

31. On or about the dates listed below, within the Eastern District of Missouri, the defendant,

**TERRELL ALEXANDER,**

did embezzle, steal, purloin, or knowingly convert to his or her use and the use of another, money of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof, to wit: EIDL loans and advances paid by the Small Business Administration in connection with the COVID-19 national emergency declaration, in excess of $740,000, creating a total loss to the government in excess of $1,000.00.

In violation of Title 18, United States Code, Section 641.

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 1343 as set forth in Counts 1 through 10, the defendant shall forfeit to the United States of America any property, real or personal, constituting or derived from proceeds traceable to said violation. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said violation, which is at least $740,000.

2.  Pursuant to Title 18, United States Code, Sections 982(a)(2)(b) and 1028(b), upon conviction of an offense in violation of Title 18, United States Code, Section 1028 as set forth in Counts 16 and 17, the defendant shall forfeit to the United States of America any property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as a result of such violation and any personal property used or intended to be used to commit said offense. Subject to forfeiture is a sum of money equal to the total value of the property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as a result of such violation.

3.  Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461, upon conviction of an offense in violation of Title 18, United States Code, Section 641 as set forth in Count 23, the defendant shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to said violation. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said violation.

4.  Specific property subject to forfeiture includes, but is not limited to, the following:

    a. $22,000.00 in funds from Busey Bank Account ending in 2239 in the name of Florentine Investments LLC

    b. $3,467.18 in funds from Regions Bank Account ending in 3014 in the name of Prime Corporate Investments

    c. $25,775.33 in funds from Regions Bank Account ending in 3294 in the name of Prime Corporate Investments

    d. $131,645.95 in funds from Regions Bank Account ending in 6045 in the name of Corporate Enterprise Investments

    e. $6,585.94 in funds from Regions Bank Account ending in 6053 in the name of Corporate Enterprise Investments

f. $707.11 in funds from Regions Bank Account ending in 3227 in the name of Jones Corporate Manufacturing

g. $52,424.74 in funds from Regions Bank Account ending in 3359 in the name of Jones Corporate Manufacturing

h. $2,970.63 in funds from Regions Bank Account ending in 3243 in the name of Black Enterprise Corporation

i. $19,533.29 in funds from Regions Bank Account ending in 3286 in the name of Black Enterprise Corporation

j. $1,803.19 in funds from Regions Bank Account ending in 2315 in the name of S.W.

k. $56,234.68 in funds from Regions Bank Account ending in 9855 in the name of JCC Personnel Management Corporation

l. $34,884.22 in funds from Regions Bank Account ending in 9979 in the name of Top Knotch Marketing LLC

m. $67,864.48 in funds from Regions Bank Account ending in 7809 in the name of Direct Management LLC

n. $68,319.07 in funds from Regions Bank Account ending in 1334 in the name of Direct Management LLC

o. $12,286.00 in funds from Regions Bank Account ending in 9987 in the name of Total CPA LLC

p. $100,486.00 in funds from Regions Bank Account ending in 9995 in the name of Total CPA LLC

q. $1,045.01 in funds from Regions Bank Account ending in 9539 in the name of Florentine Investments LLC

r. $5,438.17 in funds from Regions Bank Account ending in 8583 in the name of Florentine Investments LLC

16

  s. $13,072.34 in funds from Regions Bank Account ending in 8621 in the name of Florentine Investments LLC

  t. $52,613.18 in funds from Bank Account #296213183 in the name of I.C. d/b/a Carter Corporate Healthcare LLC at Regions Bank, O'Fallon, MO

4. If any of the property described above, as a result of any act or omission of the defendant:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

                      A TRUE BILL.


                      _____
                      FOREPERSON

SAYLER A. FLEMING,
United States Attorney


_____
DIANE E.H. KLOCKE, #61670MO
Special Assistant United States Attorney