UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22-CR-00169-JAR-1 |
| ) | |
| TERRELL ALEXANDER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on two pro se motions filed by Defendant Terrell Alexander seeking a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The motions will be denied.

### BACKGROUND

In November 2022, Defendant Alexander pleaded guilty to eighteen counts involving wire fraud, identity theft, and theft of government money in connection with multiple fraudulent business loan applications administered under the CARES Act. (Doc. 30). In March 2023, the Court sentenced Alexander to a total of 65 months in prison, followed by five years of supervised release. (Doc. 48). In July 2023, Alexander filed a pro se motion for a reduction in sentence pursuant to anticipated amendments to the sentencing guidelines scheduled to take effect November 1, 2023. (Doc. 55). In December 2023, counsel filed a motion for relief under the new Amendment 821. (Doc. 93). The Court granted that motion in July 2024, reducing Alexander's sentence to 57 months. (Doc. 97).[1]  In October and November 2024, Alexander filed additional

---

[1] On review of the file, the Court notes that Alexander's pro se motion of July 2023 was not formally disposed but was addressed by the Court's subsequent 821 order.  As such, the Court will deny that motion as moot.

1

pro se motions for a further reduction, citing sentencing disparities in relation to other individuals charged separately in connection with the same fraud scheme, as well as his rehabilitation efforts. (Doc. 99, 100). In February 2025, the Court denied those motions, reasoning that the modified sentence remained appropriate considering § 3553(a) sentencing factors. In March 2025, Alexander filed the latest motion for reduction in sentence, again citing sentencing disparities and his rehabilitation efforts and also citing his "unusually long sentence" as an extraordinary and compelling reason for a reduction. (Doc. 106). Alexander is currently incarcerated at Seagoville FCI in Texas with a projected release date of October 21, 2026. He is 48 years old.

## LEGAL STANDARDS

The First Step Act, passed in 2018, allows an incarcerated individual to bring his own motion for compassionate release if he has exhausted his administrative appeals or after the warden of his facility receives the request and does not respond within 30 days. Pub. L. No. 115-391, 132 Stat. 5194, § 603(b). Aside from allowing defendants to bring their own motions, the First Step Act did not change the standards for compassionate release. *United States v. Vangh*, 990 F.3d 1138, 1140 (8th Cir. 2021). Relief is available where the proposed sentence reduction is supported by: (1) "extraordinary and compelling reasons," (2) applicable policy statements issued by the Sentencing Commission, and (3) the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). As relevant to Alexander's latest motion, "extraordinary and compelling reasons" include the situation where, for a defendant who received an unusually long sentence and has served at least 10 years, a subsequent change in the law (other than non-retroactive amendments to the guidelines) would produce a gross disparity between the original sentence and the one he would have received. U.S.S.G. § 1B1.13(b)(6).

The second requirement – that the reduction is consistent with Sentencing Commission policy – focuses on community safety. The guidelines provide that compassionate release is only appropriate when the defendant "is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(a)(2).  Relevant factors include the nature of the offense, the history and characteristics of the defendant, and the nature of the danger. *Id*. (incorporating the 18 U.S.C. § 3142(g) factors).

The third requirement focuses on the § 3553(a) factors, which include "(1) the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "(2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes  of the defendant." 18 U.S.C. §  3553(a).

Compassionate release under 18 U.S.C. § 3582(c) is "an extraordinary and rare event." *White v. United States*, 378 F.Supp.3d 784, 787 (W.D. Mo. 2019). The defendant bears the burden of establishing that such relief is warranted. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

## DISCUSSION

As a preliminary matter, Alexander has not presented any documentation establishing that he attempted to pursue administrative remedies before petitioning the Court by first submitting a request to the warden of his facility, as the statute requires.  18 U.S.C. § 3582(c)(1)(A). His motion is subject to dismissal on this basis alone. *United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021). Even were the Court to overlook this "mandatory claim-processing rule" (*Id.*), the reasons set forth in Alexander's motions do not constitute grounds for relief.

Alexander's reliance on U.S.S.G. § 1B1.13(b)(6) (for unusually long sentences calculated under older guidelines) is misplaced here. Alexander has not served at least 10 years of his sentence, and the Court already considered retroactive changes in the guidelines affecting the original sentence and adjusted his sentence accordingly. (Doc. 97). Further, while the Court commends Alexander's rehabilitation efforts, rehabilitation alone is insufficient to warrant relief; it may only be considered in combination with other meritorious compelling factors. *United States v. DeFoggi*, No. 22-2327, 2023 WL 4112142, at *2 (8th Cir. June 22, 2023). Alexander fails to establish other circumstances qualifying as extraordinary and compelling under U.S.S.G. § 1B1.13(b).  This alone defeats his motion.

Turning to the second and third prongs of the analysis focusing on community safety and § 3553(a) sentencing factors, as the Court stated as recently as February 4, 2025 (Doc. 102), the Court continues to believe that Alexander's modified sentence is fair, just, and necessary to provide adequate punishment and deterrence, and no further reduction is appropriate.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for reduction in sentence dated March 2025 is **DENIED**. (Doc. 106).

**IT IS FURTHER ORDERED** that Defendant's motion for relief under the First Step Act dated July 2023 is **DENIED as moot**. (Doc. 55)

Dated this 25th day of April 2025.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE