UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-CR-00169-JAR-1 |
| | ) | |
| TERRELL ALEXANDER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on five related motions filed by self-represented Defendant Terrell Alexander challenging the financial components of his sentence. For the reasons set forth below, the motions will be denied.

Background

In November 2022, Defendant Alexander pled guilty to 18 counts of a 23-count indictment on charges of wire fraud, identity theft, unlawful transfer of identification documents, and theft of government property in connection with multiple fraudulent business loans he obtained through the Small Business Administration during the COVID-19 pandemic. (Doc. 30). In March 2023, the Court sentenced Alexander to a total of 65 months in prison,[1] followed by five years of supervised release. (Doc. 48). The Court also imposed restitution of $511,600 plus a special assessment of $1,800. In September 2023, the Court entered an order of forfeiture identifying 24 bank accounts holding $725,836.82 and a cryptocurrency account of unspecified value. (Doc. 61). The record reflects that those assets, ultimately totaling $729,466.31, were

---

[1]    In August 2024, the Court reduced Alexander's sentence to 57 months pursuant to Amendment 821 to the U.S. Sentencing Guidelines. (Doc. 97). According to the Bureau of Prisons inmate locator, Alexander's projected release date is August 2, 2026.

1

disposed on October 13, 2023, to be held pending restitution. (Doc. 64-88).[2]

In February and March 2026, Alexander filed the instant motions and related supplements seeking to (1) vacate the Court's restitution order as unconstitutional (Doc. 116, 124); (2) stay enforcement of the order pending a ruling on the merits (Doc. 115, 123); and (3) review the Government's accounting records for overpayment (Doc. 118, 120, 128). The Government timely filed a response addressing all five motions. (Doc. 127).

Restitution Order

In the principal motion, Alexander contends that the Court's restitution order is unconstitutional in light of the Supreme Court's recent decision in *Ellingburg v. United States*, 146 S. Ct. 564 (2026), holding that restitution constitutes criminal punishment for purposes of the Ex Post Facto Clause. Alexander asserts that *Ellingburg* overturned decades of precedent treating restitution as a civil remedy such that now the factual basis for restitution must satisfy Sixth Amendment requirements. Specifically, facts supporting a criminal penalty must be submitted to a jury and proven beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).

As a preliminary matter, post-judgment motions seeking to vacate a sentence cannot be brought in a closed criminal case but instead must be brought in a separate civil action under 28 U.S.C. § 2255. *United States v. Mills*, No. 4:04-CR-00060-SEP, 2025 WL 2417739, at *1 (E.D. Mo. Aug. 21, 2025). Alexander's motions fail on that basis alone.

Even entertaining the merits, in the short time since *Ellingburg* was decided, another district court has rejected Alexander's theory, reasoning that *Apprendi* applies to "determinate"

---

[2]    The Court notes a typographical discrepancy regarding the Electro Savings account ending in 5206. The forfeiture order reflects a value of $20,506.23 (Doc. 61 at 3 ¶ w), but the Marshals' return reflects a value of $20,806.23 (Doc. 66). This discrepancy is immaterial to the Court's disposition here.

punishment (i.e., having discernable limits) but not to restitution, which has no statutory maximum. *United States v. Zafaranchi*, 2026 WL 658435, at *2 (W.D. Wash. Mar. 9, 2026). This Court agrees.  "The 'statutory maximum' for *Apprendi* purposes is the maximum *sentence* a judge may impose solely on the basis of the facts reflected in the jury verdict *or admitted by the defendant*." *Blakely v. Washington*, 542 U.S. 296, 303 (2004) (italics added). Eighth Circuit precedent instructs that *Apprendi* and *Blakely* don't prohibit judicial fact-finding for restitution orders (as opposed to prison sentences) because there is no statutory maximum for restitution. *United States v. Carruth*, 418 F.3d 900, 904 (8th Cir. 2005).

Moreover, Alexander admitted in his plea agreement that he unlawfully collected over $740,000 through his criminal conduct. (Doc. 30 at 8). The presentencing investigation report (PSR) itemized ten fraudulent loan applications totaling roughly $1 million, with disbursements of $511,600, the amount of the restitution order. (Doc. 37 at 10). Alexander accepted the factual representations set forth in the PSR, explicitly confirming that he had no objections. (Doc. 45). Thus, even if *Apprendi* and *Blakely* did apply to restitution (which they don't), Alexander still wouldn't be entitled to relief here because he admitted the facts supporting the Court's restitution order. "[T]he Sixth Amendment was not written for the benefit of those who choose to forgo its protection." *Blakely* 542 U.S. at 312.

For the foregoing reasons, Alexander's motions to vacate the Court's restitution order will be denied, and his corresponding motions to stay enforcement will be denied as moot.

Forfeiture Order

In two other motions, Alexander notes that the total value of funds seized by the Government ($729,466.31) exceeds the amount he owed for restitution and the special assessment ($511.600 + $1,800 = $513,400).  Alexander asks the Court to order a financial

3

accounting and a refund of the surplus seized ($216,066.31). The Government confirms that Alexander has paid the money judgment and has a $0 balance, but it fails to address Alexander's real inquiry.

Alexander mistakenly believes that he is entitled to recover the $216,066.31 seized in excess of his restitution obligation because he conflates forfeiture and restitution. They are separate remedies. Restitution under the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A, aims to compensate victims in the full amount of their losses. *United States v. Luna*, 968 F.3d 922, 931 (8th Cir. 2020) (citing 18 U.S.C. § 3664(f)(1)(A)). By contrast, forfeiture is intended to dispossess a defendant of all proceeds obtained as a result of the offense. *Id*. (citing 18 U.S.C. § 982).  Pursuant to section 8(f) of the plea agreement, Alexander agreed to pay full restitution to the victims of his offenses. (Doc. 30 at 15.) Pursuant to section 8(g), he forfeited all right, title, and interest in seized assets. (*Id*.) Section 8(g) specifically contemplates a forfeiture judgment of approximately $740,000, to be determined at the time of sentencing. (*Id*. at 16). The Court's subsequent forfeiture order applied to all 25 accounts containing proceeds obtained as a result of the offenses. (Doc. 61). Alexander's restitution obligation was satisfied from those funds, but the balance remains forfeited.

For these reasons, Alexanders motions seeking an accounting and refund will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motions to vacate the Court's restitution order are **DENIED**. (Doc. 116, 124).

**IT IS FURTHER ORDERED** that Defendant's motions to stay enforcement of the Court's restitution order pending a ruling on the merits of his motion to vacate are **DENIED as moot**. (Doc. 115, 123).

4

**IT IS FINALLY ORDERED** that Defendant's motion for review and modification of the restitution order is **DENIED**. (Doc. 118).

Dated this 26th day of March 2025.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE